UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

YOUNG DESIGN, INCORPORATED,

*Plaintiff-Appellee,*

v.

TELETRONICS INTERNATIONAL,
INCORPORATED,

*Defendant-Appellant.*

No. 01-2474

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-00-970-A)

Argued: June 3, 2002

Decided: July 19, 2002

Before MOTZ and KING, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Maurice Ulman Cahn, CAHN & SAMUELS, L.L.P.,
Washington, D.C., for Appellant. Mary Catherine Zinsner, TROUT-
MAN, SANDERS, MAYS & VALENTINE, L.L.P., McLean, Vir-
ginia, for Appellee. **ON BRIEF:** Frederick N. Samuels, CAHN &
SAMUELS, L.L.P., Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Defendant, Teletronics International, Incorporated, appeals from the district court's denial of its motion for an award of attorneys' fees. Teletronics asserts that the Plaintiff, Young Design, Incorporated, initiated and maintained in bad faith its claim for misappropriation of trade secrets (the "Trade Secrets Claim"), thereby warranting a fee award under the Virginia Unfair Trade Secrets Act ("VUTSA"). The district court found that Young Design had not pursued the Trade Secrets Claim in bad faith, and it declined to award Teletronics its attorneys' fees. *Young Design, Inc. V. Teletronics Int'l, Inc.*, Memorandum Opinion, 00-970-A (E.D. Va. Nov. 9, 2001) (the "Fee Opinion"). As explained below, we affirm.

I.

A.

Young Design and Teletronics are direct competitors in the market for wireless communications equipment. In January 1998, at a national industry conference, representatives of Young Design inquired whether Teletronics was interested in purchasing Young Design's bi-directional external amplifiers (the "YDI Amplifiers"). At that time, Teletronics did not itself manufacture such products.[1] Teletronics responded favorably to Young Design's offer, and it

---

[1]An external amplifier serves to increase the range and performance of wireless radio modems and local area networks. As of 1998, only two domestic companies, Young Design and its competitor, Hyperlink, produced such amplifiers. Teletronics was interested in the YDI Amplifiers because it had received complaints from customers that the modems that it produced, containing internal amplifiers, did not meet their power needs.

thereafter purchased twenty-eight YDI Amplifiers and tested their performance. As part of the sales transactions, Young Design provided Teletronics with an electronic version of its user and installation manual with respect to the YDI Amplifiers. The purchase orders reflecting these transactions did not restrict either Teletronics's use of proprietary information or its use and disposal of the YDI Amplifiers.

Upon testing the YDI Amplifiers, Teletronics discovered a problem in their performance: the amplifiers would suddenly lock into transmit mode at high air temperatures. It notified Young Design of this problem and, in response, Young Design advised Teletronics that the problem had been solved by the installation of a thermistor on the YDI Amplifiers.[2] Teletronics, however, made no further purchases of them.

About a year later, in April 1999, Young Design learned that Teletronics was then manufacturing external amplifiers. After examining a Teletronics amplifier, Young Design concluded that the YDI Amplifiers had been copied by Teletronics, and it confronted Teletronics. Teletronics denied the accusation, explaining that it had begun designing its own amplifier in the summer of 1997, and asserting that it had completed its first amplifier prototype in August 1998.

### B.

On June 14, 2000, Young Design filed a five count complaint against Teletronics in the Eastern District of Virginia, asserting, along with the Trade Secrets Claim, claims for breach of contract, fraud and constructive fraud, copyright infringement, and trover. In response, Teletronics filed a six count counterclaim, alleging malicious interference with economic relationships, tortious inducement to breach an existing contract, three counts of unfair competition, and trover.

This lawsuit culminated in a three-day bench trial in the district court, which was conducted in January 2001. In light of the court's pre-trial rulings, the only two claims involved in the trial were the Trade Secrets Claim and the copyright infringement claim asserted by

---

[2]A thermistor is a specialized commercially-available resistor that corrects for temperature variances.

Young Design.[3] At trial, Young Design presented only one live witness (Michael Young), who testified both as a fact witness and as an expert in radio frequency engineering. The court, however, was not impressed with his testimony, finding it to be "often self-serving and marred by exaggeration." Young Design also presented at trial the deposition evidence of Michael Chen, a former Teletronics vice-president, but the court found that his "language problem undercut our confidence in the accuracy of his testimony." In its case, Teletronics called two live witnesses — an expert in radio frequency technology and electrical engineering, and one of its current vice presidents. Teletronics also presented the deposition evidence of five other witnesses.

On July 31, 2001, the district court ruled on the two claims of Young Design, which it had tried six months earlier. *Young Design, Inc. v. Teletronics Int'l, Inc.*, Memorandum Opinion, 00-970-A (E.D. Va. July 31, 2001) (the "Trial Opinion"). Pursuant thereto, the court concluded that Young Design had not sustained its burden of proof on the Trade Secrets Claim, and that Claim was dismissed. The court then ruled in favor of Young Design on the copyright infringement claim, and it entered an order permanently enjoining Teletronics from copying the manual which had accompanied the YDI Amplifiers.[4]

C.

Following the trial and the filing of the court's Trial Opinion, Young Design and Teletronics made cross motions for attorneys' fees. In its Fee Opinion of November 9, 2001, the court denied both

---

[3]Prior to trial, the district court dismissed Young Design's claims for breach of contract and fraud and constructive fraud, and it awarded summary judgment to Young Design on its trover claim. In addition, the court awarded Teletronics summary judgement on its trover counter-claim, and it awarded summary judgment to Young Design on all of the remaining counterclaims.

[4]Teletronics admitted that the manual used for its amplifiers included portions copied from Young Design's manual. Because the parties agreed that Teletronics was no longer copying Young Design's manual, the court referred to its permanent injunction against Teletronics as a "symbolic injunction." Fee Opinion at 4.

of the attorneys' fees motions, observing that the litigation was a "very hard fought, contentious civil action [which] should be characterized as a draw." Fee Opinion at 1. With respect to the Trade Secrets Claim specifically, the court concluded that, although Young Design was unable to sustain its burden of proof, its Claim withstood the "no chance of success" test applicable under VUTSA. *Id.* at 10-11. The court also observed, in denying the attorneys' fees motion of Teletronics, that the Trade Secrets Claim had survived numerous pretrial motions and that the court had spent several weeks fully evaluating the trial evidence relating to it. *Id.* at 11. Teletronics then filed a timely notice of appeal from the Fee Opinion. We possess jurisdiction pursuant to 28 U.S.C. § 1291.[5]

## II.

We review "the denial of an award for attorney fees for abuse of discretion." *People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 370 (4th Cir. 2001) (citing *Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 108 n. 6 (4th Cir. 1991)). And an abuse of discretion only arises if the district court's "conclusions are based on mistaken legal principles or clearly erroneous factual findings." *Id.* (citing *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)).

## III.

Teletronics seeks its attorneys' fees award pursuant to VUTSA, which permits recovery of attorneys' fees by a prevailing party "[i]f the court determines that . . . a claim of misappropriation [wa]s made in bad faith." Va. Code Ann. § 59.1-338.1. In this connection, Teletronics concedes that the issue of bad faith is to be determined by the court, utilizing an "objective reasonableness" standard, and that the district court applied this standard in its Fee Opinion. As such, Teletronics' sole contention on appeal is that the court clearly erred in finding that Young Design did not act in bad faith in pursuing the Trade Secrets Claim. More specifically, Teletronics maintains that

---

[5]Young Design did not appeal the Fee Opinion's denial of its motion for attorneys' fees. Furthermore, no appeals have been taken in connection with the other rulings made by the district court in this litigation.

Young Design's failure to sustain its burden of proof on all elements of the Trade Secrets Claim mandates a finding that it pursued the Claim in bad faith.[6]

In concluding that Young Design had not pursued the Trade Secrets Claim in bad faith, the court recognized that the Claim was not legally insufficient. Fee Opinion at 11 (stating that court did "not find that [Young Design's] claims had no chance of success under the Act"). The court also observed that, even though the trial evidence supporting the Trade Secrets Claim was weak, Young Design had nonetheless offered evidence which, if credited, could have substantiated the Claim. Furthermore, the court recognized that the Trade Secrets Claim had "survived extensive pretrial motions and that the [c]ourt needed several weeks to evaluate the trial evidence fully." *Id.* In light of this record and the various other findings and rulings of the district court, we see nothing to suggest that it clearly erred in concluding that Young Design did not pursue its Trade Secrets Claim in bad faith. As a result, the attorneys' fees claim of Teletronics must fail.[7]

---

[6]In order to prove the Trade Secrets Claim, Young Design was obliged to establish, as the district court properly recognized, the following four elements by a preponderance of the evidence: (1) whether an express or implied confidential relationship existed between the parties; (2) whether Young Design took reasonable efforts to maintain the secrecy of its alleged trade secrets; (3) whether the trade secrets were, in fact, either publicly revealed or generally known; and (4) whether there were sufficiently substantial differences between the products. Trial Opinion at 10-11; *see also* Va. Code Ann. § 59.1-336; *Dionne v. Southeast Foam Converting & Packaging*, 397 S.E.2d 110, 113-14 (Va. 1990).

[7]Teletronics has also filed with us a motion to strike portions of Young Design's Brief, maintaining that it relied on materials outside of the record on appeal. Pursuant to Rule 10 of the Federal Rules of Appellate Procedure, "[t]he following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of docket entries . . . ." Furthermore, Local Rule 28(f) allows a party to rely on material found in the record on appeal, even though not contained in the Joint Appendix.

In response to the motion to strike, Young Design concedes that the deposition testimony of Messrs. Jamal and Fang, referred to on pages 30 and 31 of its Brief, was not introduced at trial, and it has agreed that these references should be stricken. As such, we grant Teletronics's motion to strike these references in Young Design's Brief. We deny the balance of the motion to strike, however, because the material relied upon is in the record on appeal.

## IV.

Pursuant to the foregoing, the district court did not abuse its discretion, and we affirm.

*AFFIRMED*